UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| POUNDS PICTURES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-263 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| DOES 1-30, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a motion to quash or vacate subpoena filed *pro se* by a doe defendant who identifies herself as Jeanne Chill. [Doc. 7]. The Plaintiff has responded in opposition to this motion. [Doc. 8]. The Court has considered the parties' positions and the applicable law, and the Court finds that the motion is not well-taken. See Killer Joe Nevada v. Does, Case No. 3:13-CV-217, Memorandum and Order (E.D. Tenn. Oct. 28, 2013).

The Court finds, first, that Ms. Chill does not have standing to object to a subpoena served upon third-party internet service providers. See Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013); First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011).

Further, the Court finds that Ms. Chill has not demonstrated that the subpoena at issue should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the subpoena does not impose a burden upon Ms. Chill, because it does not call upon Ms. Chill to produce any documents or present testimony. Moreover, there is little threat

of disclosure of confidential information, because "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." First Time Videos, 276 F.R.D. at 247 (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212 (D.D.C. 2010)). Ms. Chill has not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure, and again, case law holds there is no privacy interest in such information. See id.

Finally, the Court finds that to the extent Ms. Chill argues actual innocence, the Court finds that there is no basis for quashing a subpoena or issuing a protective order based upon a general denial of liability. See First Time Videos, 276 F.R.D. at 250. "A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." Id. Ms. Chill may deny liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability.

Accordingly, the Court finds that the motion to quash **[Doc. 7]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

                                                  ENTER:

                                                  /s H. Bruce Guyton
                                                  United States Magistrate Judge